The Honorable Larry Jegley Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Jegley:
I am writing in response to your request for an opinion on the following two questions:
 1. Who should be cited for not wearing a seatbelt if an adult passenger in the front seat of a car or truck on a street or highway is found not wearing a seatbelt? More specifically, should the driver be cited for the passengers' not wearing a belt or is the passenger solely responsible for wearing his or her own belt and thus the only one subject to citation? What statute or law governs that situation?
 2. Is it legal for a person to (a) ride in the bed of a standard pickup truck (open bed) absent seat belts or restraints, or (b) ride without seat belts or restraints within a camper shell or trailer attached to the truck? What statute or law governs these situations? Who can or should be cited by officers for any such violation — driver, passenger, or both?
RESPONSE
In my opinion, in response to your first question, the applicable statutory subchapter is A.C.A. §§ 27-37-701 to -707 (Repl. 2004 and Supp. 2005). Although this subchapter does not expressly address who is subject to the penalties imposed, the language of the subchapter appears to indicate that an adult front seat passenger is responsible for his or her own failure to wear a seat belt and that the driver of the vehicle may not be cited for the adult passenger's failure. A separate law imposes responsibility on the driver to see that minor passengers are properly restrained. See A.C.A. §§ 27-34-101 to -107 (the "Child Passenger Protection Act"). This issue appears to be outside the scope of your first question, which refers only to "adult" passengers. In response to your second question, regarding traveling in the open bed of pickup trucks or within camper shells or trailers, different statutes are applicable depending upon the age of the passengers. For children under the age of fifteen, the "Child Passenger Protection Act" requires the use of proper child safety passenger restraint systems and this requirement applies, with certain exceptions, to passenger automobiles, vans and pickup trucks traveling on public roads, streets and highways. With regard to persons over the age of fifteen, in my opinion the most potentially applicable law is A.C.A. § 27-35-104 (Repl. 2004) ("Riding in spaces not intended for passengers") and possibly A.C.A. § 27-51-104(b)(7) (Supp. 2005) ("Careless and prohibited driving"). These statutes are general in nature, however, and do not specifically address the issue you pose regarding adult travel in open beds of pickup trucks or within camper shells or attached trailers. I cannot conclusively determine, therefore, whether they prohibit the conduct you describe. I have found no helpful case law addressing this issue. The question may depend upon the applicable facts. As such, it must be left to judicial or legislative clarification. If applicable, A.C.A. § 27-35-104 imposes punishment on the driver, or under certain circumstances, on the owner of the vehicle. See 27-35-101. Section 27-51-104 of the Arkansas Code, if applicable, imposes punishment on the driver or operator.
Question 1 — Who should be cited for not wearing a seatbelt ifan adult passenger in the front seat of a car or truck on astreet or highway is found not wearing a seatbelt? Morespecifically, should the driver be cited for the passengers' notwearing a belt or is the passenger solely responsible for wearinghis or her own belt and thus the only one subject to citation?What statute or law governs that situation?
The applicable subchapter is A.C.A. §§ 27 -37-701 to -707 (Repl. 2004 and Supp. 2005). Section 27-37-702(a) provides that:
 Each driver and front seat passenger in any motor vehicle operated on a street or highway in this state shall wear a properly adjusted and fastened seat belt properly secured to the vehicle.
This sentence appears to impose the obligation on the driver and any front seat passengers independently. Section 27-37-704 also addresses drivers and passengers independently, stating that: "No motor vehicle, nor the operator of such vehicle, nor the passengers of such vehicle shall be stopped, inspected, or detained solely to determine compliance with this subchapter." Finally, A.C.A. § 27-37-706 provides that "[a]ny person who violates this subchapter shall be subject to a fine not to exceed twenty-five dollars ($25.00)." (Emphasis added.)
Although it is not entirely clear, the language of the subchapter therefore appears to authorize imposition of the twenty-five dollar fine against a front seat passenger. I cannot conclude, based upon the language of the mandatory seat belt law, that the driver of the vehicle can be cited for the adult passenger's failure.[1]
Of course, drivers are responsible for ensuring that children under the age of fifteen are properly restrained. See A.C.A. §27-34-104(a) and (c) (Repl. 2004), a part of the "Child Passenger Protection Act" ("Every driver who transports a child under fifteen (15) years of age in a passenger automobile, van or pickup truck . . . shall provide . . . for the protection of the child by properly placing, maintaining, and securing the child in a child passenger restraint system properly secured to the vehicle . . ."),[2] and "If a child is at least six (6) years of age or at least sixty pounds (60 lbs.) in weight, a safety belt . . . shall be sufficient to meet the requirements of this section"). Your first question specifically refers only to "adult" passengers, so this subchapter is beyond the scope of your question.
Question 2 — Is it legal for a person to (a) ride in the bed ofa standard pickup truck (open bed) absent seat belts orrestraints, or (b) ride without seat belts or restraints within acamper shell or trailer attached to the truck? What statute orlaw governs these situations? Who can or should be cited byofficers for any such violation — driver, passenger, or both?
You have not specified the age of the persons in this question, and I assume your second question, like your first question, has reference to travel on streets and highways.
Obviously, the "Child Passenger Protection Act" cited above would control the question as to persons under the age of fifteen. Again, that subchapter requires the proper restraint of children with child passenger restraint systems or safety belts, depending upon the age and weight of the child. That law applies to a pickup truck traveling on "a public road, street or highway of this state." A.C.A. § 27-34-104(a).
As to persons older than fifteen, the most potentially applicable provisions of law are in my opinion A.C.A. § 27-35-104 and A.C.A. § 27-51-104(b)(7). They provide respectively as follows:
A.C.A. § 27-35-104
 (a) No person shall ride on any vehicle upon any portion of the vehicle not designed or intended for the use of passengers.
 (b) This section shall not apply to any employee engaged in the necessary discharge of a duty or to persons riding within bodies of trucks in space intended for merchandise.
 A.C.A. § 27-51-104(b)
 It shall be unlawful for any person to drive or operate any vehicle on the public thoroughfares or private property in the State of Arkansas in violation of the following prohibited acts:
* * *
 (7) To operate or drive a vehicle wherein or whereon passengers are located in such a manner as to be dangerous to the welfare of such passengers. . . .
These statutes are general in nature and do not specifically refer to the issue you raise, regarding traveling in the open bed of a pickup truck or within a camper shell or trailer attached to the truck.[3] I cannot conclusively determine, therefore, whether these statutes would prohibit the conduct you describe.[4] I have found no helpful case law addressing this issue. Obviously, factual questions may arise as to whether, for example, the open bed of a particular pickup truck or particular camper shell or trailer is "designed or intended for the use of passengers" under A.C.A. § 27-35-104,[5] or whether such passengers are "located in such a manner as to be dangerous to the welfare of such passengers" under A.C.A. §27-51-104. As such, the issues must be left to judicial or legislative clarification.
As to whether the driver, passengers or both may be cited for violations under these two provisions, I will note that A.C.A. §27-35-104, if applicable, although it uses language directed at passengers ("no person shall ride . . ."), is contained within a subchapter that imposes penalties only on the driver or owner of the vehicle. See A.C.A. § 27-35-101 ("It is a misdemeanor for any person to drive or move, or for the owner to cause orknowingly permit to be driven or moved, on any highway, any vehicle of a size or weight exceeding the limitations stated in this subchapter or otherwise in violation of this subchapter"). (Emphasis added.) If applicable to the facts you describe, therefore, only the driver or owner would be subject to criminal penalties under A.C.A. § 27-35-104. The same conclusion applies under the second potentially applicable statute, A.C.A. §27-51-104, which by its terms criminalizes only the driving or operation of the vehicle under the conditions listed.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] I have considered the possible impact of A.C.A. § 27-50-102
(Repl. 1994), which among other things, imposes criminal liability on a person who "willfully . . . permits" another to violate any provision of [Act 300 of 1937]." That Act comprises a number of subchapters surrounding A.C.A. § 27-37-701 to -701. It does not appear that this provision, however, applies to the mandatory seat belt law. See A.C.A. § 27-50-102 Note, "Meaning of `this act.'"
[2] This law was amended in 2001 to raise the age of coverage from five years to fifteen years. See Acts 2001, No. 470.
[3] The only specific prohibitory language I have found relating to trailers is A.C.A. § 27-35-111(b)(2), which provides that "No person shall occupy any house trailer while it is being moved upon the highway." Your questions do not appear to inquire about "house trailers."
[4] Several attempts have been made over the years to amend A.C.A. § 27-35-104 to prohibit minors from riding in the open bed of pickup trucks. See e.g., HB 2185 (2003 Regular Session); HB 1980 (1999 Regular Session); HB 1571 (1995 Regular Session); and HB 1013 (1993 Regular Session). At least one of the proposed bills contained an exception for "slide-in" campers and camper shells. See HB 2185 of 2003. Each of these bills failed of adoption and did not, in any event, address adult passengers.
[5] Of possible relevance on the question of whether a trailer is "intended for use by passengers" are A.C.A. § 27-14-210 and §27-49-218, each of which define a "trailer" as "every vehicle with or without motive power, other than a pole trailer,designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle." (Emphasis added).